# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUNICE ESPARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-06231 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| S.R. BARNUM, INC. d/b/a MASSAGE ) | |
| ENVY and SCOTT BARNUM ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of defendants Massage Envy's and Scott Barnum's treatment of its employee, plaintiff Eunice Esparza. Defendants move to dismiss Counts VII (negligence), VIII (defamation of character), and XI (intentional infliction of emotional distress) of plaintiff's complaint. For the reasons set forth below, defendants' motion [48] is granted.

### I.     Background

In November 2015, plaintiff began working as a massage therapist for defendant Massage Envy. Shortly after beginning her employment, plaintiff emailed an unspecified person at Massage Envy informing them that she was allergic to lavender, a scent often used in massage oils and lotions. Plaintiff alleges that a coworker she identified as "Noreen" found out about plaintiff's allergy and harassed her for years. Plaintiff further alleges that on February 27, 2017, Noreen put lavender oil in one of the oil bottles plaintiff used for her massages. Plaintiff claims that she informed a former owner of Massage Envy of Noreen's actions. Plaintiff further alleges that she had an allergic reaction after the lobby smelled like lavender sometime in March 2017, which resulted in hospitalization for one month, a coma, and missing five months of work.

1

At some point in the past few years, Massage Envy was sold to Scott Barnum, one of the defendants. Plaintiff alleges that she emailed concerns about her injuries and Noreen, but that Barnum laughed her off and refused to acknowledge her concerns. On August 15, 2020, plaintiff filed an 11-count amended complaint against defendants. Defendants now move to dismiss the negligence claim against both Massage Envy and Barnum, the defamation claim against Barnum, and the intentional infliction of emotional distress claim against Barnum.

II.     **Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III.    **Analysis**

First, defendants argue that plaintiff's negligence claim should be dismissed because it preempted by the Illinois Workers Compensation Act ("IWCA"). Preemption is an affirmative defense. *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018). Plaintiffs do not need to plead around affirmative defenses, so a court may dismiss a claim only if the plaintiff alleges and admits the elements of the defense. *Chi. Bldg. Design, PC v. Mongolian House Inc.*, 770 F.3d 610, 613-614 (7th Cir. 2014).

The IWCA "provides an administrative remedy for employees' injuries arising out of and in the course of their employment." *Baylay,* 881 F.3d at 1038 (internal citations omitted). The IWCA bars employees from pursuing tort actions against employers for accidental injuries, but there are four exceptions: (1) the injury was not accidental, (2) the injury did not arise from her employment,

2

(3) the injury was not received during the course of her employment, or (4) the injury was not compensable under the Act. *Id.* at 1039. To claim the first exception for injuries inflicted by a coworker, a plaintiff must show that the coworker was the alter ego of the employer or that the employer commanded or expressly authorized the acts. *Id.* (citing *Meerbrey v. Marshall Field and Co., Inc.*, 139 Ill.2d 455, 151 Ill. Dec. 560, 564 N.E.2d at 1226).

Plaintiff argues that the injury was not accidental and the first exception applies. Plaintiff claims that Noreen, the coworker that committed the alleged harassment, is an alter ego of the employer, defendant Massage Envy's. To her detriment, plaintiff notes that a low-level supervisory employee is not an alter ego, citing to *Crissman v. Healthco Int'l Inc.*, No. 89 C 8292, 1992 WL 223820, at *6 (N.D. Ill. Sept. 2, 1992). In her complaint, plaintiff alleges that Noreen is the "front desk lead." (Cmpl. ¶ 17.) As alleged, Noreen appears to be a low level supervisory employee and cannot be an alter ego of Massage Envy. Further, plaintiff has not alleged in her complaint that Noreen is an alter ego. Since the alleged harasser is not an alter ego of Massage Envy's, the first exception to the IWCA's exclusivity provisions does not apply. Plaintiff does not argue that any of the other three exceptions apply. Plaintiff's negligence claim is thus barred by the IWCA and dismissed.

Second, defendants argue that plaintiff's defamation claim against defendant Barnum should be dismissed for failure to state a claim. To state a defamation claim under Illinois law, plaintiffs must allege that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damages. *See Board of Forensic Document Examiners, Inc. v. American Bar Association*, 922 F.3d 827 (7th Cir. 2019). Plaintiff argues that a reasonable jury could conclude that defendant's statements caused damages by harming her reputation. Plaintiff's argument ignores the first two elements. The complaint merely alleges that Barnum "made false statements" to various people, but fails to allege at all what these false statements were or when they were made. Plaintiff's defamation claim fails to put defendant

3

on notice of the statements plaintiff is complaining about and is purely speculative. Plaintiff's defamation claim against Barnum is dismissed.

Third, defendants argue that plaintiff's intentional infliction of emotional distress claim should be dismissed because it is preempted by the IWCA and fails to state a claim. To survive a motion to dismiss an IIED claim, a plaintiff must allege that "(1) defendant's conduct was truly extreme and outrageous; (2) the defendant intended to inflict severe emotional distress (or knew that there was a high probability that its conduct would cause severe emotional distress); and (3) the defendant's conduct did in fact cause severe emotional distress." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017). The conduct must be beyond "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *McGrath v. Fahey*, 126 Ill.2d 78, 533 N.E.2d 806, 809 (1988)).

Plaintiff solely responds to defendant's preemption argument and fails to respond to defendant's motion to dismiss for failure to state an IIED claim. Accordingly, plaintiff has waived opposition to defendants 12(b)(6) motion on her IIED claim. Further, plaintiff's IIED claim is based on Barnum laughing at plaintiff's injuries, refusing to acknowledge her unspecified concerns, and allowing the alleged harassment to continue. These allegations are indignities and insults that are insufficient for an IIED claim. Plaintiff's IIED claim is dismissed for failure to state a claim.

IV. Conclusion

Defendants' motion to dismiss Counts VII, VIII, and XI of plaintiff's amended complaint [48] is GRANTED. IT IS SO ORDERED.

Date: 5/5/2021         Entered: _____
                       SHARON JOHNSON COLEMAN
                       United States District Court Judge

4